UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAS, INC.,
4373 E. WILDER ROAD, LLC

        Plaintiffs/Counter Defendants,

v.                                         Case No. 20-11641
                                          Honorable Thomas L. Ludington

WILDER RESCISSION, LLC,

        Defendant/Counter Claimant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR *THIBODAUX* ABSTENTION**

On May 5, 2020, Plaintiffs JAS, Inc. and 4373 E. Wilder Road, LLC filed a complaint against Defendant Wilder Rescission, LLC in the 18th Judicial Circuit Court for the County of Bay. ECF No. 1. Plaintiffs seek declaratory and injunctive relief based on Defendant's alleged breach of a settlement agreement between the parties. *Id.* On June 22, 2020, Defendant removed the complaint to this Court. *Id.* On July 15, 2020, Defendant filed its amended answer and counterclaim. ECF No. 5. On August 31, 2020, Plaintiffs moved this Court to abstain from exercising diversity jurisdiction under the *Thibodaux* doctrine. For the reasons stated below, the motion will be denied.

**I.**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). *Thibodaux* abstention is proper in "cases raising issues 'intimately involved with [the States'] sovereign prerogative,' the proper adjudication of which might be impaired by unsettled questions of state law." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996) (quoting *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 26 (1959)). Absent such issues, or another reason for

abstention, "District Courts have a 'virtually unflagging' obligation to exercise the jurisdiction given to them." *Vary v. City of Cleveland*, 206 F. Supp. 3d 1273, 1277 (N.D. Ohio 2016) (quoting *Colorado River*, 424 U.S. at 813).

## II.

### A.

This case concerns the meaning of a settlement agreement executed by the parties. ECF No. 1. The settlement agreement was intended to resolve a dispute between a group of Ohio investors (the "Investors") and Plaintiffs, who are Michigan entities involved in the sale of marijuana. *Id.* It is undisputed that, as part of the agreement, Plaintiffs were to sell property in Michigan (the "Property") to a certain buyer (the "Buyer") and remit payment to Defendant Wilder Rescission, LLC, which was created to receive and distribute such funds for the Investors. ECF No. 1-1 at PageID.7; ECF No. 5 at PageID.55. It is also undisputed that Plaintiffs received payment from the Buyer as planned. *Id.*

At issue is each party's rights and responsibilities under the agreement. Plaintiffs contend that Defendant breached the agreement by recording a mortgage and deed to the Property, which Defendant held as security, after Plaintiffs indicated that the funds could not be "vetted" as Defendant requested. ECF No. 1-1 at PageID.8. Defendant claims that Plaintiffs breached the agreement by failing to submit the funds for "vetting" to a third-party designated by Defendant. ECF No. 5 at PageID.62–64. The purpose of this "vetting," Defendant alleges, is to ensure that the funds derive from legal activities. *Id.* at PageID.62. Plaintiffs seek a declaratory judgment that they have not violated the agreement and an injunction enjoining Defendant from forcing them to vacate the Property. ECF No. 1-1 at PageID.8–9. Defendant, by its counterclaim, seeks damages for breach of contract and a declaratory judgment that either (1) Defendant will not violate any law by

receiving Plaintiffs' funds or (2) that Plaintiffs have breached the agreement. ECF No. 5 at PageID.64–65.

**B.**

Plaintiffs assert that this case involves "issues of state law that are of great public importance to [Michigan]" and that failure to abstain would "open the federal floodgates for any allegedly aggrieved participant in the emergent state medical marihuana industry" looking to void a contract by reference to federal money laundering statutes. ECF No. 13 at PageID.155. Plaintiffs' argument is uncompelling.

First, this case turns on a familiar question of law: the meaning of a contract. Plaintiffs have not identified any "unsettled questions of state law" at issue here. *Quackenbush*, 517 U.S. at 717. Plaintiffs seem to argue that the case raises issues "intimately involved with [Michigan's] sovereign prerogative" because it involves a Michigan contract relating to marijuana. *Id.* Plaintiffs offer no authority for this position. To the extent that the case involves Michigan regulatory agencies, Plaintiffs have not explained why their involvement warrants abstention. *See Vary*, 206 F. Supp. 3d at 1277 (noting that *Thibodaux* abstention concerns "unclear state law").

Second, the allegation that failing to abstain here would "open the federal floodgates" is mistaken. Defendant removed the case based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441. Defendant is an Ohio company; Plaintiffs are Michigan entities; and all parties agree that far over $75,000 is at issue. *See* 28 U.S.C. § 1332(a) (requirements for diversity jurisdiction). Defendant's claim for declaratory relief only arose after removal as part of the counterclaim. ECF No. 5. To the extent Plaintiffs doubt the legal authority behind Defendant's counterclaim, a motion

for abstention is the wrong place to litigate the matter. Accordingly, there is no reason to abstain under the *Thibodaux* doctrine.[1]

### III.

Accordingly, it is **ORDERED** that Defendant's motion for Thibodaux abstention, ECF No. 13, is **DENIED**.

Dated: September 10, 2020            s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge

---

[1] Plaintiffs alternatively ask the Court to order the parties to mediation but offer no rationale for the request. ECF No. 13 at PageID.155.